In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3023

BOBBY J. JOHNSON, JR.,

*Plaintiff-Appellant,*

*v.*

HIX WRECKER SERVICE, INC., et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:08-cv-00050-WTL-JMS—**William T. Lawrence**, *Judge.*

ARGUED NOVEMBER 3, 2010—DECIDED JULY 1, 2011

Before EASTERBROOK, *Chief Judge*, WILLIAMS, *Circuit Judge*,
and PALLMEYER, *District Judge*.*

WILLIAMS, *Circuit Judge*. Bobby Johnson, Jr. claims that
his former employer, Hix Wrecker Service, did not pay him
overtime wages in violation of the Fair Labor Standards
Act ("FLSA"). The district court granted summary judg-

* The Honorable Rebecca R. Pallmeyer, Judge of the United
States District Court for the Northern District of Illinois, sitting
by designation.

ment in favor of Hix Wrecker, finding that Johnson was not entitled to overtime pay because he was subject to the motor carrier exemption to the FLSA. However, Hix Wrecker did not meet its burden of proof on the issue of whether the motor carrier exemption applied to Johnson. The evidence it presented did not establish as a matter of law that Johnson was exempt. Therefore, we reverse.

## I. BACKGROUND

Hix Wrecker is an Indianapolis business that transports personal and commercial motor vehicles that have been stranded, impounded, wrecked, or abandoned. Since 1973, Hix Wrecker has had a common carrier certificate of authority from the Department of Transportation. The certificate allows Hix Wrecker to transport property in interstate commerce.

Johnson worked for Hix Wrecker as a tow truck driver for about four months, from June 9, 2006 or June 12, 2006, until October 22, 2006. In 2008, Johnson sued Hix Wrecker, its owners, Mr. James Hix and Mrs. Ova Hix, and its corporate secretary, Ms. Gail Neil. Johnson alleged that during the time that he worked for Hix Wrecker he was not paid overtime wages in violation of the FLSA. For its part, Hix Wrecker admitted that Johnson worked twelve-hour work shifts, but maintained that Johnson was not entitled to overtime.

In the district court, the parties filed cross motions for summary judgment. Hix Wrecker claimed that Johnson was subject to the motor carrier exemption to the FLSA,

which, when certain conditions are met, exempts the employees of motor carriers that engage in interstate commerce from the maximum hours and overtime provisions of the FLSA. In his cross motion, Johnson argued that he was not subject to the exemption, and that Mr. Hix, Mrs. Hix, and Ms. Neil were "employers" under the FLSA and were therefore individually liable for his unpaid wages. The district court granted the defendants' motion and denied Johnson's. This appeal followed.

## II. ANALYSIS

We review a district court's grant of summary judgment de novo. *Ellis v. DHL Express Inc. (USA)*, 633 F.3d 522, 525 (7th Cir. 2011). Because the FLSA is a remedial act, exemptions from its coverage are narrowly construed against employers. *Klein v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 990 F.2d 279, 282 (7th Cir. 1999).

The FLSA requires employers to pay overtime (one-and-a-half times the hourly wage) to employees who work more than forty hours a week. 29 U.S.C. § 207(a)(1). Ordinarily, the employees of a motor carrier that engages wholly in intrastate commerce are subject to the Secretary of Labor's jurisdiction, and consequently to the overtime and maximum hours provisions of the FLSA. *See Reich v. Am. Driver Serv., Inc.*, 33 F.3d 1153, 1155 (9th Cir. 1994); see generally *Goldberg v. Faber Indus., Inc.*, 291 F.2d 232, 234-35 (7th Cir. 1961). In contrast, the employees of a motor carrier that engages in interstate commerce may come under the Secretary of Transportation's jurisdiction under

the Motor Carrier Act. 49 U.S.C. § 31502. Under § 31502(b), the Secretary of Transportation, rather than the Secretary of Labor, has the power to prescribe these employees' qualifications and maximum hours of service. Employees subject to the Secretary of Transportation's jurisdiction under § 31502 are exempt from the FLSA's maximum hour and overtime provisions pursuant to the FLSA's motor carrier exemption. *See* 29 U.S.C. § 213(b)(1). The motor carrier has the burden to show that an employee is exempt. *Klein*, 990 F.2d at 283.

Many motor carriers engage in both interstate and intrastate commerce, but a motor carrier employee cannot be subject to the jurisdiction of both the Secretary of Labor and the Secretary of Transportation simultaneously. *See Reich*, 33 F.3d at 1155-56. An employee comes within the Secretary of Transportation's jurisdiction so long as the employee is "subject, at any time, to be[ing] assigned to interstate trips." *Goldberg*, 291 F.2d at 235. A minor involvement in interstate commerce as a regular part of an employee's duties subjects that employee to the Secretary of Transportation's jurisdiction. *See Reich*, 33 F.3d at 1155-56 (citing *Morris v. McComb*, 332 U.S. 422, 432-35 (1947)). However, an employee's minor involvement does not necessarily subject that employee to the Secretary of Transportation's jurisdiction indefinitely. *Id.*

The Department of Transportation has promulgated a notice of interpretation through the Federal Highway Administration clarifying the extent of the Secretary of

Transportation's jurisdiction over motor carrier employees.[1]
*See* 46 Fed. Reg. 37,902. The notice of interpretation pro-
vides as follows:

> [For an employee to fall under the Secretary of
> Transportation's jurisdiction] . . . the carrier must
> be shown to have engaged in interstate commerce
> within a reasonable period of time prior to the
> time at which jurisdiction is in question. The
> carrier's involvement in interstate commerce must
> be established by some concrete evidence such
> as an actual trip in interstate commerce or proof,
> in the case of a "for hire" carrier, that interstate
> business has been solicited. If jurisdiction is
> claimed over a driver who has not driven in
> interstate commerce, evidence must be presented
> that the carrier has engaged in interstate com-
> merce and that the driver could reasonably have
> been expected to make one of the carrier's inter-
> state runs. Satisfactory evidence would be state-
> ments from drivers and carriers, and any employ-
> ment agreements.

*Id.*

The notice of interpretation further provides that
"evidence of driving in interstate commerce or being

---

[1] "[T]he agency with whose interpretation [the FLSA's motor
carrier exemption, 29 U.S.C. § 231(b)(1)] is concerned is . . . the
Department of Transportation." *Benson v. Universal Ambulance
Serv., Inc.*, 675 F.2d 783, 785 (6th Cir. 1982) (citing *Levinson v.
Spector Motor Co.*, 330 U.S. 649 (1947)).

subject to being used in interstate commerce should be accepted as proof that the driver is subject to [the Secretary of Transportation's jurisdiction] for a 4-month period from the date of proof." *Id.* The Federal Highway Administration considers the four-month period to be "reasonable because it avoids both the too strict, week-by-week approach and the situation where a driver could be used or be subject to being used [in interstate commerce only] once and yet remain subject to [the Secretary of Transportation's jurisdiction] for an unlimited time."[2] *Id.*

In support of its motion for summary judgment seeking to establish that Johnson was exempt, Hix Wrecker submitted an affidavit from Ms. Neil, a Motor Carrier Detail report from the Federal Motor Carrier Safety Administra-

---

[2] The Department of Labor recently acknowledged the Department of Transportation's "four-month" rule. *See* Field Assistance Bulletin 2010-2, November 4, 2010 (explaining that the "'four month' rule stems from the Department of Transportation's . . . interpretation of the Motor Carrier Act . . . conferring that agency jurisdiction over . . . employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in . . . interstate activities [and] triggering the overtime pay exemption for that period"). The Department of Labor has also promulgated interpretive regulations which, consistent with the Department of Transportation's notice of interpretation, provide, "in the case of an employee of a private carrier whose job does not require him to engage regularly in exempt . . . activities . . . and whose engagement in such activities occurs sporadically or occasionally . . . the exemption will apply to him only in those workweeks when he engages in such activities." 29 C.F.R. § 782.2(b)(4).

tion, and a Company Snapshot for Hix Wrecker from the same agency. The latter two exhibits were included to show that Hix Wrecker had a common carrier certificate from the Department of Transportation, but otherwise, Hix Wrecker relied solely on Ms. Neil's affidavit, which provides in relevant part:

> 1. Hix Wrecker has held a common-carrier certificate of authority issued by the Department of Transportation which allows it to transport property for hire in interstate commerce since August, 1973.
>
> . . .
>
> 8. Hix Wrecker routinely provides out of state wrecker services for [several named customers].
>
> 9. All wrecker Hix Wrecker drivers are subject to being assigned to out of state wrecker service runs either as a driver, or as helper to an [sic] driver to facilitate safe retrieval operations based upon their availability at the time the run is assigned and the type of truck required for the service to the customer.
>
> 10. Bobby J. Johnson, Jr. was subject to being assigned an out of state wrecker service run at all times during his employment with Hix Wrecker.

The district court concluded that Ms. Neil's affidavit was sufficient to establish as a matter of law that the motor carrier exemption applied to Johnson during his employment. We disagree.

A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325-26 (1986); *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.,* 971 F.2d 37, 42 (7th Cir. 1992) (explaining that when the moving party has the burden of proof on an issue it must show that the evidence on that issue is so one-sided that it must prevail as a matter of law); *In re Bressman,* 327 F.3d 229, 237 (3d Cir. 2003) ("Assuming [the movant had] the burden of proof on [the issue on which it sought summary judgment, it] had the burden of supporting [its] motions with credible . . . evidence that would entitle [it] to a directed verdict if not controverted at trial.") (internal citation and quotation marks omitted).

Ms. Neil's affidavit does not show that Hix Wrecker engaged in interstate commerce within a "reasonable period of time" prior to the time during which it claims the exemption for Johnson. *Cf.* 46 Fed. Reg. 37,902. And the affidavit does not establish that Johnson was subject to being used in interstate commerce during a four-month period or during any other "reasonable period of time." *Cf. id.* Ms. Neil's affidavit only states that Hix Wrecker "routinely" provides out-of-state services for its customers. In using the word "routinely," Ms. Neil could have meant every day, but she also could have meant some other time period, such as every six months or every year. The affidavit is simply too vague for a court to determine whether the period Ms. Neil had in mind was "reasonable," as contemplated by the Department of Transportation's notice of interpretation. Ms. Neil's statement that Johnson

was subject to being assigned to an out-of-state wrecker service run at all times during his employment with Hix Wrecker does not cure this deficiency. Ms. Neil provides no additional details regarding when (or if) Johnson was actually assigned to out-of-state runs, or regarding Hix Wrecker's practices. Instead, she merely recites (nearly verbatim) the rule that an employee is exempt so long as the employee is "subject, at any time, to be[ing] assigned to interstate trips . . . ." *See Goldberg*, 291 F.2d at 235.

The point of requiring a motor carrier to show that it regularly engages in interstate commerce is to prevent employers from circumventing the maximum hours provisions of the FLSA by claiming that their employees are used in interstate commerce even though the likelihood of an employee being sent on an interstate run is remote. *See* 46 Fed. Reg. 37,902; *see also Goldberg*, 291 F.2d at 235. If the burden of proof on the question of whether he was exempt had been Johnson's, Ms. Neil's affidavit, combined with Johnson's failure to adduce evidence on this issue,[3] may have sufficed for the district court to conclude that there was no genuine issue of material fact

---

[3] Johnson submitted an affidavit stating that he did not have a Class A drivers' license, which entitles a person to drive certain kinds of commercial vehicles, during his employment with Hix Wrecker, and that he "do[es] not recall any other tow truck driver who did not have a Class A license being sent on an out-of-state-trip" during his tenure there. The district court found, and we agree, that it would not be reasonable to draw the inference that only Class A drivers were subject to being assigned to interstate jobs from what Johnson "recalls" happened during his short time with Hix Wrecker.

for trial. But Hix Wrecker cannot carry the day on the question of whether Johnson is exempt, a point on which it bears the burden of proof, with only an inconclusive and ambiguous affidavit. To allow it to do so would make it too easy for employers to get around the maximum hours provisions of the FLSA. Because Hix Wrecker did not establish as a matter of law that Johnson was exempt, we reverse the district court's grant of summary judgment in the defendants' favor.

Johnson also contends that the district court erred in denying his cross motion for summary judgment on the issue of whether he was exempt. Hix Wrecker responds that whether Johnson was entitled to summary judgment is not properly before us because the issue became moot when the district court entered summary judgment in its favor. But the district court expressly denied Johnson's motion on the issue of whether he was exempt. *See Johnson v. Hix Wrecker Service*, No. 1:08-cv-50-WTL-JMS, 2009 U.S. Dist. LEXIS 60868, at *2 (S.D. Ind. July 14, 2009) (denying Johnson's cross motion for summary judgment with regard to his FLSA claim because the court had concluded in its previous order that Johnson was exempt). The issue is therefore not moot.

We find that although Ms. Neil's affidavit did not establish as a matter of law that Johnson was exempt, it does raise genuine issues of material fact regarding how often Hix Wrecker engaged in interstate commerce when it employed Johnson and whether Johnson was subject to being sent on interstate runs. We therefore affirm the denial of Johnson's cross motion for summary judgment. *Stockwell*

*v. City of Harvey*, 597 F.3d 895, 907 n.2 (7th Cir. 2010) ("[W]e may affirm on any ground supported by the record, so long as it has been adequately presented below.").

Lastly, Johnson argues that the district court erred in not finding that he was entitled to summary judgment on his claim that Mr. Hix, Mrs. Hix, and Ms. Neil were "employers" under the FLSA, and that they were therefore personally liable for unpaid wages. The district court did not address this issue because it found that Johnson was exempt. We will not decide it either since the district court needs to consider it first.

### III. CONCLUSION

The judgment of the district court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.