NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013[*]
Decided July 3, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

REBECCA R. PALLMEYER, *District Judge*[**]

No. 12-3475

| | |
|---|---|
| BOBBY J. JOHNSON, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:08-cv-00050 |
| HIX WRECKER SERVICE, INC., et al., *Defendants-Appellees.* | William T. Lawrence, *Judge.* |

## O R D E R

In this successive appeal, Bobby J. Johnson, Jr. challenges two rulings made during the bench trial of his suit to recover unpaid overtime wages under the Fair Labor Standards Act

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a).

[**] The Honorable Rebecca R. Pallmeyer, United States District Court for the Northern District of Illinois, sitting by designation.

("FLSA"), 29 U.S.C. § 207(a). Johnson contends that the trial court abused its discretion by re-opening the trial to allow for the submission of additional evidence and by refusing to exclude certain documents as a discovery sanction. Finding no abuse of discretion by the district court in rendering either decision, we affirm.

This case comes before us for the second time. In our first decision, we reversed the district court's summary judgment award in favor of Johnson's former employers, Hix Wrecker Service, Inc., James Hix, Ova Hix, and Gail Neal (collectively, "Hix"). *Johnson v. Hix Wrecker Service, Inc.*, 651 F.3d 658, 663-64 (7th Cir. 2011). We concluded that summary judgment was inappropriate because Hix had not demonstrated that Johnson was exempt from FLSA's maximum hour and overtime provisions under the statute's motor carrier exemption. *Id.; see also* 29 U.S.C. § 213(b)(1). Under this provision (and related statutes), an employee of a motor carrier engaged in interstate commerce whose hours are regulated by the Secretary of Transportation cannot maintain an action for unpaid overtime under FLSA. *Hix*, 651 F.3d at 660-61; *see* 49 U.S.C. § 31502(b)(1) (granting Secretary of Transportation authority to prescribe maximum hours for motor carrier employees); § 13102(14) (defining "motor carrier" as a person providing commercial motor vehicle transportation for compensation); § 31132(1) (defining "commercial motor vehicle" as a self-propelled vehicle used on highways in interstate commerce) (2006). To demonstrate that an employee falls under the Secretary of Transportation's authority, a motor carrier "must be shown to have engaged in interstate commerce within a reasonable period of time prior to the time at which jurisdiction is in question." Application of the Federal Motor Carrier Safety Regulations, 46 Fed. Reg. 37,902. After reviewing the summary judgment record, we concluded that Hix had not shown conclusively that it engaged in interstate commerce during the relevant time period such that the motor carrier exemption would apply. *Hix*, 651 F.3d at 662-63. We remanded the matter to the district court for further proceedings. *Id.* at 664.

On remand, the parties prepared for a bench trial on Johnson's FLSA claim. Before the final pre-trial conference, Johnson moved to preclude Hix from introducing tow dispatch logs containing the pickup location for every run its drivers made during Johnson's employment. Although Hix produced these materials during discovery, Johnson maintained that they should be excluded because Hix failed to specifically identify them when responding to interrogatories or in submitting its trial exhibit list. The district court denied the motion. With regard to Hix's response to Johnson's request to identify all materials bearing on the company's defenses, the court found that Hix's response sufficiently identified the logs to survive scrutiny under Federal Rule of Civil Procedure 33(d). Although the court found Hix's counsel violated the Federal Rules of Civil Procedure and the court's own case management plan by failing to identify the logs as potential trial exhibits, the court declined to exclude this evidence as a sanction. The court concluded that the exclusion of this highly relevant evidence would be

unwarranted because Johnson obtained the documents through discovery and so he could not demonstrate prejudice resulting from Hix's delayed disclosure.

Soon after the ruling, the district court conducted a one-day bench trial on Johnson's claim and requested post-trial submissions from both sides. In his post-trial brief, Johnson raised an issue that neither Hix nor the court had previously considered. Johnson contended that, at the time of Johnson's employment, the statutory definition of "motor carrier" only applied to vehicles weighing in excess of 10,000 pounds. *See* 49 U.S.C. § 13102(14)(defining "motor carrier" as a person providing commercial motor vehicle transportation for compensation); § 31132(1)(A) (defining "commercial motor vehicle" as vehicle with "gross vehicle weight of at least 10,001 pounds") (2006). Because Hix had not introduced evidence that Johnson's vehicle satisfied the statutory weight requirement, Johnson maintained that the company had not met its burden of proof of showing that the motor carrier exemption applied.

In response to Johnson's submission, the district court issued an order reopening the trial to receive additional evidence on the weight of Johnson's vehicle. The court noted that the earlier bench trial (like the previous decision by this court) had proceeded on the assumption that the dispositive issue was whether Hix engaged in interstate commerce during Johnson's employment. Now that Johnson had raised the issue of vehicle weight, the court noted the absence of "competent evidence . . . regarding the weight of any of the vehicles that were or could have been driven by Johnson." While acknowledging that Hix had not met its burden by failing to present evidence on this point, the court nevertheless decided to re-open the trial in order to "to decide this case on its merits rather than by default based upon the action or inaction of counsel." The court characterized its decision as another second chance in "a case filled with second chances" for both sides. After another one-day bench trial, the court ruled that Hix had satisfied its burden of proof on the motor carrier exemption and entered judgment in its favor on Johnson's FLSA claim.

In this appeal, Johnson maintains that the district court erred in re-opening the bench trial. The decision to reopen a civil bench trial to submit additional proof rests in the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971); *see also* Fed. R. Civ. P. 59(a)(2) ("After a nonjury trial, the court may . . . take additional testimony"). We review such decisions under an abuse of discretion standard. *Nanda v. Ford Motor Co.*, 509 F.2d 213, 223 (7th Cir. 1974). We see no abuse of discretion here. After discovering a gap in the trial record on a potentially dispositive matter, the district court appropriately exercised its supervisory trial authority in giving both sides an opportunity to present evidence on the issue. *See Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 295 (4th Cir. 1990) ("It is well within the discretion of the trial court to correct any errors or gaps in the record by hearing additional evidence"). Although the trial court had the discretion to end the litigation without receiving such evidence, we cannot fault it for re-

opening proceedings to make an informed decision on the merits. *See Imbler v. Pachtman*, 424 U.S. 409, 439 (1976) ("It is precisely the function of a judicial proceeding to determine where the truth lies").

Johnson's chief complaint is that he suffered prejudice as a result of the district court's re-opening because he was deprived of a "gotcha" moment. As Johnson's attorney tells it, he waited until after the end of trial to raise the vehicle weight issue in hopes that Hix's counsel would fail to recognize its importance and lose the case for his client through neglect. By allowing both sides to present testimony on this issue, Johnson contends, the district court prejudiced Johnson by thwarting his attorney's strategy and forcing him to actually litigate the issue. A civil party does not suffer prejudice when a district court spoils its attempts to secure a tactical advantage through such gamesmanship. As the district court recognized, ideally, civil litigation "is not supposed to be merely a game, a joust, a contest[.]" *Ash v. Wallenmeyer*, 879 F.2d 272, 275 (7th Cir. 1989). District courts conduct civil trials with an eye toward discovering the truth. They are not required to reward tactics designed to deprive the factfinder of information needed to decide a claim fairly. *See id.* The district court did not abuse its discretion by preventing Johnson from securing a victory in this way.

Moreover, we reject Johnson's contention that the district court exhibited a bias in favor of the Hix in re-opening the trial. The record shows that Judge Lawrence conducted the litigation in this case fairly and impartially. Both sides received reprieves from the court for missing deadlines; indeed, the only reason Johnson was allowed to raise the vehicle weight issue at all was because the district court allowed him to submit his post-trial brief 10 days after the deadline. Furthermore, the district court did not allow Hix to ignore deadlines with impunity. The court imposed sanctions on Hix's counsel for failure to respond to discovery requests in a timely manner. Under the circumstances, we find no abuse of discretion in the district court's decision.

Johnson also challenges the district court's refusal to exclude Hix's tow logs and related testimony from the trial as a discovery sanction. "District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). "We review all discovery sanctions for abuse of discretion and will uphold a district court's decision so long as it could be considered reasonable." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). In this instance, the district court declined to impose sanctions on two grounds: (1) Hix's response to Johnson's request for all documents related to the company's defenses complied with Rule 33(d); and (2) although Hix failed to identify the tow logs as trial exhibits, the exclusion of this evidence was too severe given the lack of prejudice to Johnson.

Under the unique circumstances of this case, we agree with the district court that Hix's response to Johnson's request for all documents supporting the company's defenses satisfied Federal Rule of Civil Procedure 33(d). Rule 33(d) provides that when the answer to an interrogatory may be discerned by examining a party's business records and the burden of ascertaining that answer is the same for either party, a responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them[.]" *Id.* The district court found that Hix's response to this request, though consisting of a broad acknowledgment that all documents relevant to its defenses had been produced, was specific to allow Johnson to identify the logs given the low volume of discovery exchanged. As the district court noted, "defendants produced approximately 700 pages of dispatch logs and only about 70 other documents, which means that it should have been readily apparent to Plaintiff's counsel where the relevant information could be found." The level of specificity required by Rule 33(d) necessarily depends on a number of factors, including the amount of discovery exchanged. Where, as here, the parties exchanged a comparatively small amount of discovery, the court did not abuse its discretion in finding that Hix's response sufficiently identified the business records that supported Hix's defenses.

Nor do we find fault with the district court's refusal to exclude the logs as a sanction for Hix's deficient identification of its trial exhibits. Generally, a party that fails to disclose a trial exhibit in its pre-trial disclosures "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the district court concluded that Hix's failure to disclose the tow logs was harmless because Johnson had received the documents months before in discovery. *See Fidelity & Deposit Co. v. Krebs Eng'rs*, 859 F.2d 501, 511-12 (7th Cir. 1988) (finding that litigant's "claims of surprise and prejudice ring hollow" when it had copy of report from tardily disclosed witness in its possession). Given that Johnson had access to the logs before trial and was aware of their importance to the issues in the case, we find no abuse of discretion in the district court's determination that Hix's delayed disclosure was harmless.

The judgment of the district court is AFFIRMED.